**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TOMMIE G. SAVAGE,

           Appellant,

      v.

DEPARTMENT OF THE ARMY,

           Agency.

DOCKET NUMBERS
AT-0752-11-0634-C-1
AT-0752-11-0634-X-1
AT-1221-12-0591-C-1
AT-1221-12-0591-X-1

DATE:  July 14, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ashley Binetti</u>, Esquire, <u>Michael D. Kohn</u>, Esquire, <u>Felipe Bohnet-Gomez</u>,
    Esquire, and <u>Brandon S. Walker</u>, Esquire, Washington, D.C.,
    for the appellant.

<u>Leah S. Serrano</u>, Esquire, Washington, D.C., for the agency.

<u>Elizabeth Vavrica</u>, Jacksonville, Florida, for the agency.


**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member


**FINAL ORDER**

The appellant filed appeals with the Board challenging her removal from
Federal service and alleging reprisal for whistleblowing under the Whistleblower
Protection Act.  *Savage v. Department of the Army*, MSPB Docket No. AT-0752-
11-0634-I-1, Initial Appeal File, Tab 1; *Savage v. Department of the Army*, MSPB

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Docket No. AT-1221-12-0591-W-1, Initial Appeal File, Tab 1. On July 21, 2023, the appellant and the agency executed a written settlement agreement resolving both appeals, and the administrative judge subsequently issued an initial decision dismissing the appeals as settled. *Savage v. Department of the Army*, MSPB Docket No. AT-1221-12-0591-B-2, Remand File (0591 RF), Tab 14 at 10-17, Tab 15 at 1-3. On December 19, 2023, the appellant filed one petition for enforcement in both cases. *Savage v. Department of the Army*, MSPB Docket No. AT-1221-12-0591-C-1, Compliance File, Tab 1; *Savage v. Department of the Army*, MSPB Docket No. AT-0752-11-0634-C-1, Compliance File (CF), Tab 1.[2] On March 12, 2024, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement in part, finding the agency in partial noncompliance with the settlement agreement. CF, Tab 11, Compliance Initial Decision (CID) at 1. On April 15, 2024, the appellant filed a petition for review of the compliance initial decision. *Savage v. Department of the Army*, MSPB Docket No. AT-1221-12-0591-C-1, Compliance Petition for Review File, Tab 1; *Savage v. Department of the Army*, MSPB Docket No. AT-0752-11-0634-C-1, Compliance Petition for Review (CPFR), Tab 1.[3] The Board docketed the compliance referral matters at MSPB Docket No. AT-0752-11-0634-X-1 and MSPB Docket No. AT-1221-12-0591-X-1. We now JOIN all four of these matters for processing and, for the reasons discussed below, DENY the appellant's petition for review, AFFIRM the compliance initial decision, and DISMISS the petition for enforcement based on our finding that the agency is in compliance and the remaining issues are moot.

---

[2] Because the 0591-C-1 and 0634-C-1 compliance files are identical, we will refer to them interchangeably as the Compliance File (CF).

[3] Because the 0591-C-1 and 0634-C-1 compliance petition for review files are identical, we will refer to them interchangeably as the Compliance Petition for Review (CPFR) File.

**BACKGROUND**

Under the terms of the parties' July 2023 settlement agreement relevant here, the agency agreed to effect the appellant's voluntary resignation in lieu of her removal, 0591 RF, Tab 14 at 10; reinstate the appellant for the period of October 15, 2018, to April 22, 2023, and initiate all other actions required to effectuate the processing of payments for back pay during this period, *id.* at 11; offer and accept the appellant's retirement from Federal service, effective April 23, 2023, and, in exchange, pay the appellant $25,000 as a Voluntary Separation Incentive Payment (VSIP), *id.* at 13; and provide the appellant with a letter from her Commander expressing his sincere thanks for her service, *id.* at 13, 39.

In her December 2023 petition for enforcement, the appellant argued that the agency breached several of these terms. CF, Tab 1 at 2-7. Specifically, she claimed that the agency had improperly failed to tender the "letter of sincere thanks" to her as soon as the settlement agreement took effect, *id.* at 2, and that the agency had failed to issue her the $25,000 VSIP during the payment window established under the agreement, *id.* at 3-4. She also claimed that the agency's stated intent to deduct outside earnings from the back pay payment for the reinstatement period pursuant to the Back Pay Act (BPA) violated the terms of the settlement agreement because the BPA did not apply, *id.* at 4-5, that the agency was unreasonably delaying the processing of her back pay and retirement, *id.* at 5-7, and that the Board should award her legal fees for having to pursue the enforcement action, *id.* at 7.

In the March 2024 compliance initial decision, the administrative judge found that the appellant proved that the agency partially breached the July 2023 settlement agreement by failing to timely issue the "letter of sincere thanks," and he thus ordered the agency to issue the letter. CID at 4-5. However, the administrative judge concluded that the appellant did not show that the agency breached the settlement agreement with regard to failing to pay the VSIP because

the clear language of the settlement agreement only required the agency to *offer* a VSIP within 60 days, not remit payment within 60 days. *Id.* at 5-6. He noted that the agency had provided several reasons for why there was a delay in payment, but he found that the clear wording of the agreement obviated his need to address them. *Id.* at 6. The administrative judge also concluded that the agency's notice of its intent to deduct outside earnings from the reinstatement period per the BPA did not violate the parties' agreement or Board case law, *id.* at 6-8, that the agency did not breach the agreement by failing to effectuate the appellant's retirement within 60 days, *id.* at 9, and that the agreement did not contain a deadline for the remittance of back pay, *id.* at 9-10. He informed the appellant that she could file a motion for attorney fees if no petition for review was filed. *Id.* at 10, 16.

The appellant filed a petition for review with the Board. CPFR File, Tab 1. In her petition for review, she indicated that the agency had complied with its obligation to issue the "letter of sincere thanks," *id.* at 5, but she maintained that she proved the agency's noncompliance with respect to the issuance of the VSIP, *id.* at 5-7, the inapplicability of the BPA to the term "back pay" in the agreement, *id.* at 7-10, and that the agency had failed to timely effectuate her removal and remit back pay, *id.* at 10-11. The agency filed a response, CPFR File, Tab 5, and the appellant submitted a reply, CPFR File, Tab 8.

Given the time that elapsed since their last submissions, we found it prudent to issue an order directing the parties to file pleadings regarding the status of the agency's compliance and whether the matter was now moot. CPFR File, Tab 9. Both parties submitted responses on December 11, 2025. CPFR File, Tabs 10-11. In her response, the appellant contends that the matter is not moot and that there are three outstanding issues. CPRF File, Tab 10. Specifically, she reargues that the Board should order the agency to not deduct interim earnings from the appellant's back pay per the BPA because the BPA is inapplicable, *id.* at 7-9; she claims that—although she received the VSIP—the agency's

unreasonable delay in payment entitles her "to interest on the $25,000 VSIP payment and legal fees for pursuing the enforcement action required to obtain payment," *id.* at 6, 9-10; and she states that although the agency had notified her that the annual leave lump sum owed would be paid shortly, its delay was unreasonable and the Board should therefore remand the matter to the administrative judge "to adjudicate legal fees for the breach of the settlement agreement," *id.* at 10-11. In its response, the agency claims that it is now fully compliant with the terms of the settlement agreement and that, apart from the appellant's challenge to the application of the BPA to the back pay payment, there are no further issues for the Board to decide. CPFR File, Tab 11 at 4. Specifically, the agency points out that it issued the appellant the "letter of sincere thanks"; that the Defense Finance and Accounting Service (DFAS) issued a payment to the appellant on August 21, 2025, that included the VSIP; that DFAS issued the appellant net back pay of $367,741.48 on June 13, 2024; that the agency processed and forwarded the appellant's retirement package to the Office of Personnel Management (OPM) in June 2025; and that DFAS had stated it expected to pay the appellant her annual leave payout on December 24, 2025. *Id.* at 5-9. The agency submitted joint stipulations of the parties and declarations from a DFAS analyst and an agency human resources specialist along with various emails, spreadsheets, and other documents as evidence of its compliance. *Id.* at 10-53.

## DISCUSSION OF ARGUMENTS ON REVIEW

A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance

with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.[4] *Id.* If a breach has occurred but the non-compliant party has cured the breach, and the party filing the compliance proceedings seeks the remedy of enforcement, the issue of breach is moot as there is no remedy that the Board can provide. *See Bables v. Department of the Army*, 86 M.S.P.R. 171, ¶¶ 19-20 (2000).

<u>The agency is in compliance with the terms of the settlement agreement concerning the "letter of sincere thanks."</u>

As discussed above, the administrative judge found in the compliance initial decision that the agency had not yet complied with issuing the "letter of sincere thanks" required by paragraph 3.f. of the settlement agreement and he therefore ordered compliance. CID at 4-5; *see also* CF, Tab 1 at 13, 38. On May 8, 2024, the agency submitted a statement of compliance asserting that it issued the letter as directed on March 14, 2024, and it provided evidence of the same. *Savage v. Department of the Army*, MSPB Docket No. AT-1221-12-0591-X-1, Compliance Referral File, Tab 2; *Savage v. Department of the Army*, MSPB Docket No. AT-0752-11-0634-X-1, Compliance Referral File, Tab 2. Although the appellant did not submit a response to the compliance referral file, she acknowledged in her petition for review that the agency has complied with this term of the settlement agreement. CPFR File, Tab 1 at 5. Accordingly, the agency is now compliant on this issue.

<u>The administrative judge did not err in finding that the use of the term "back pay" in the settlement agreement means payment consistent with the provisions of the BPA.</u>

As noted above, both parties agree that an issue remains concerning the appellant's challenge to the application of the BPA to the back pay payment. In

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

her petition for enforcement, the appellant argued that the agency's intent to deduct interim earnings from the reinstatement period pursuant to the BPA violated the parties' settlement agreement because, among other things, the BPA was not mentioned anywhere in the settlement agreement, it was not her understanding during the settlement negotiations that the BPA would be applied, and the language of the BPA itself rendered it inapplicable. CF, Tab 1 at 4-5, Tab 10 at 13-17. In the compliance initial decision, the administrative judge disagreed and explained that "the Board has long held that, when the parties use a term of art like 'back pay' in a settlement agreement without defining it, the Board will apply the regulatory or statutory definition of that term, unless the agreement revealed a contrary intent." CID at 7 (citing *Bergquist v. Department of the Interior*, 99 M.S.P.R. 516, ¶ 8 (2005)). He found that the term "backpay" in paragraph 3.b of the agreement constituted a "term of art" properly resulting in the application of the BPA and that the appellant's arguments regarding a contrary intent were "indirect at best, and not manifested in the agreement itself." *Id.* at 8. He therefore concluded that DFAS's consideration of the appellant's outside earnings information per the BPA was proper under both the parties' settlement agreement and the Board's case law. *Id.*

We see no error in the administrative judge's findings. The record reflects that he correctly discussed the Board's well-established case law on this point, considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *See, e.g.*, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). The appellant's insistence on review that the parties did not intend for the BPA to apply to the settlement agreement simply disagrees with the administrative judge's explained factual findings and legal conclusions therefrom and provides no basis to disturb the compliance initial decision. CPFR File, Tab 1 at 7-10, Tab 10 at 7-9; *see Riggsbee v. Office of Personnel*

*Management*, 111 M.S.P.R. 129, ¶ 11 (2009); *see also Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991) (holding that merely rearguing the same issues heard and decided by the administrative judge, with nothing more, does not constitute a basis to grant a petition for review), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).

<u>The appellant's claims regarding the $25,000 VSIP and the agency's delay in the processing of her back pay and retirement are moot.</u>

As noted above, the Board may dismiss a petition for enforcement as moot when the agency ultimately complies with a provision of the settlement agreement and there is no further meaningful relief that the Board can provide. *See Burke*, 121 M.S.P.R. 299, ¶ 13; *Bables*, 86 M.S.P.R. 171, ¶¶ 19–20; *see also Mascarenas v. Department of Defense*, 60 M.S.P.R. 320, 323 (1993) (dismissing a petition for enforcement as moot where an appellant had been afforded all of the relief that he could have obtained in a successful compliance proceeding).

Here, the agency informed the Board in its December 2025 update that it issued the VISP to the appellant on August 21, 2025, that DFAS issued the appellant back pay on June 13, 2024, that the agency processed and forwarded the appellant's retirement package to OPM in June 2025, and that DFAS would pay the appellant her annual leave payout on December 24, 2025. CPFR File, Tab 14 at 5-9. The agency provided declarations from a DFAS official attesting to the payments and how they were calculated, including supporting documentation, and from an agency official confirming the forwarding to OPM of the appellant's retirement package. *Id.* at 12-35. The agency also provided the parties' joint stipulations as to these matters. *Id.* at 10-11; *see also Burke*, 121 M.S.P.R. 299, ¶ 8 (the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance). As a result, because the appellant here sought the remedy of enforcement and the agency has now provided evidence of its compliance with the provisions of the

settlement agreement, there is no further remedy that the Board can provide. *Bables*, 86 M.S.P.R. 171, ¶¶ 19–20.

The appellant's claim in her update to the Board that there is still an outstanding issue regarding her entitlement to interest on the $25,000 VSIP payment and fees for the agency's "impermissible" delay in processing her back pay and retirement payments are not relevant to this proceeding. CPRF File, Tab 10 at 9-11. The issue of whether the agency was in breach of the terms of the settlement agreement at the time of the appellant's petition for enforcement may be relevant to the issue of attorney fees. *See Greco v. Department of the Army*, 852 F.2d 558, 561 (Fed. Cir. 1988) (explaining that recovery of attorney fees is limited to those areas where the agency has been found in noncompliance); *see also Garstkiewicz v. U.S. Postal Service*, 981 F.2d 528, 530 (Fed. Cir. 1992) (explaining how an appellant can prove entitlement to attorney fees in cases where the agency complies with the settlement agreement during the pendency of the petition for enforcement). Whether an appellant is entitled to attorney fees must be the subject of an attorney fee proceeding based on a motion for attorney fees, and any issue related to that matter is properly adjudicated as part of that proceeding. *LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 593-94 (1993).

Accordingly, we deny the appellant's petition for review and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, sections 1201.113(b) and 1201.183(c)(1) (5 C.F.R. §§ 1201.113(b) and 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of

the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.